# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SAHARA WALKER, | No. 16-543V |
| Petitioner, | Special Master Christian J. Moran |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: August 25, 2020 |
| Respondent. | Entitlement; dismissal. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioners; Sarah C. Duncan, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Melissa Roglitz-Walker alleged that the human papillomavirus ("HPV"), Tdap, and meningococcal conjugate ("MCV") vaccinations her child, Sahara Walker, received on September 25, 2013, caused her to develop postural tachycardia syndrome ("POTS"), neurocardiogenic syncope, orthostatic hypotension, and autonomic neuropathy. Pet., filed May 3, 2016, at 1-2. Once Sahara Walker reached the age of majority, she was substituted in as the named petitioner on October 11, 2019. On August 10, 2020, Ms. Walker moved for a decision dismissing her petition.

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I.  Procedural History

Melissa Roglitz-Walker filed a petition on behalf of her child, Sahara Walker, on May 3, 2016.  Sahara Walker ("petitioner") was then substituted as the named petitioner in this case on October 11, 2019.  After petitioner filed her initial medical records, the Secretary filed his Rule 4(c) report on August 11, 2016, contesting entitlement.

After additional records were filed, petitioner filed expert reports supporting her claim from Dr. Velugubanti, Dr. Steinman, and Dr. Miglis.  In response, the Secretary filed expert reports from Dr. Kaufmann and Dr. MacGinnitie.  The development of the case through expert reports continued between late 2016 to late 2019.  The expert report phase of the case concluded with supplemental expert reports from Dr. Kaufmann and Dr. MacGinnitie filed by the Secretary on November 11, 2019.  A status conference was then held, after which petitioner continued to develop her case with additional medical literature.

The undersigned then issued an order for briefs in advance of potential adjudication on February 13, 2020, which was then reviewed in a status conference held on February 27, 2020.  Petitioner filed her brief on April 20, 2020, but then moved for a decision dismissing her petition on August 10, 2020, stating that, in light of litigation currently being initiated against Merck involving injuries to Gardasil vaccine recipients, petitioner "wishes to pursue a third party action in district court against Merck directly."  Pet'r's Mot., filed Aug. 10, 2020, ¶ 3.  Petitioners add that "[t]his choice should not be viewed in any way that Petitioner does not believe in the merits of [her] claim," but that she wishes to have a judgment entered against her so that she may pursue a separate civil action.  Id.  The Secretary did not file a response to this motion.  This matter is now ready for adjudication.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be

supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of her claim, but nonetheless, wishes to have her claim dismissed and judgment entered against her. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future. See Pet'r's Mot., filed Aug. 10, 2020, ¶ 4.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that Ms. Walker suffered from POTS or other injuries alleged. Without a showing that the vaccinee suffered the injury that the vaccine allegedly caused, the remainder of the case becomes moot. See Broekelschen v. Sec'y of Health and Human Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010). Accordingly, the undersigned is not required to evaluate whether the HPV vaccine can cause POTS.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

                 s/Christian J. Moran
                 Christian J. Moran
                 Special Master