# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
SAHARA WALKER,                    *
                                  *    No. 16-543V
                Petitioners,      *
                                  *    Special Master Christian J. Moran
                                  *
v.                                *    Filed: April 9, 2021
                                  *
SECRETARY OF HEALTH               *    Attorneys' Fees and Costs
AND HUMAN SERVICES,               *
                                  *
                Respondent.       *
* * * * * * * * * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner;
Sarah C. Duncan, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING
## ATTORNEYS' FEES AND COSTS[1]

On September 3, 2020, petitioner Sahara Walker moved for final attorneys' fees and costs. She is awarded **$22,675.00**.

\*       \*       \*

The background for this case has been set forth previously in the undersigned's prior decision awarding interim fees. See Interim Fees Decision, 2019 WL 7288770 (Fed. Cl. Spec. Mstr. Dec. 2, 2019). The instant fees motion

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

requests reimbursement for work performed from August 19, 2019 until the present. During that time, petitioner obtained and filed additional medical records, literature, an additional expert report, and prepared prehearing submissions. On August 10, 2020, petitioner filed an unopposed motion for a decision dismissing her petition, stating that, in light of litigation currently being initiated against Merck involving injuries to Gardasil vaccine recipients, petitioner "wishes to pursue a third party action in district court against Merck directly." Pet'rs' Mot., filed Aug. 10, 2020, ¶3. On August 25, 2020, the undersigned issued his decision dismissing the petition for insufficient proof. 2020 WL 5641871 (Fed. Cl. Spec. Mstr. Aug. 25, 2020).

On August 3, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner request attorneys' fees of $20,474.50 and attorneys' costs of $2,500.50 for a total request of $22,975.00. Fees App. at 6. Pursuant to General Order No. 9, petitioner states that she did not personally incur any costs related to the litigation of this matter. Id. On September 17, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*       *       *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, the undersigned finds that petitioner's claim has a reasonable basis throughout the entire case. Respondent also has not challenged the reasonable basis of the claim. A final award of reasonable attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the

2

number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of her counsel at Van Cott & Talamante, PLLC: for Mr. Andrew Downing, $385.00 per hour for all work performed from 2019-2020, for Ms. Courtney Van Cott, $205.00 per hour for work performed 2019 and $275.00 per hour for work performed in 2020. The undersigned has previously found these rates to be reasonable for the work of Mr. Downing and Ms. Van Cott, and they are reasonable for work in the instant case as well. Bourche v. Sec'y of Health & Human Servs., No. 15-232V, 2020 WL 6582180 (Fed. Cl. Spec. Mstr. Oct. 16, 2020).

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. The timesheet entries are sufficiently

detailed such that the undersigned can assess their reasonableness. However, the entries regarding the drafting of the brief (starting 3/31/2020) would benefit from some elaboration about the part of the brief on which the time was focused.

In addition, a small reduction is necessary due to excessive paralegal time billed and a high hourly rate. Paralegals billed time on administrative tasks such as filing documents and reviewing and paying invoices. These issues have previously been noted concerning Van Cott & Talamante paralegals. Second Fees Decision, 2018 WL 7046894, at *3; Sheridan v. Sec'y of Health & Human Servs., No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); Moran v. Sec'y of Health & Human Servs., No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). A reasonable reduction for these issues is $300.00.

Given the prior reductions, counsel is advised that the failure to exercise appropriate billing judgment in future fee applications may result in further reductions.  See Valdes v. Sec'y of Health & Human Servs., No. 99–310V, 2009 WL 1456437, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (warning attorney that penalties may be necessary to motivate him to submit requests for fees that do not contain "erroneous, duplicative, or unreasonable entries"), mot. for rev. granted in non-relevant part and denied in non-relevant part, 89 Fed. Cl. 415 (2009).

Accordingly, petitioner is awarded final attorneys' fees of $20,174.50.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $2,500.50 in costs. This amount is comprised postage and work performed by petitioner's medical expert, Dr. Mitchell Miglis. Fees App. Ex. 1 at 11. Petitioner has provided adequate documentation supporting these costs and they appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of costs sought.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$22,675.00** (representing $20,174.50 in attorneys' fees and $2,500.50 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her attorney, Mr. Andrew Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.